### TERA THOMAS v. NATIONAL BENEFIT ASSOCIATION.

Submitted March 23, 1911—Decided June 9, 1911.

Where a contract of life insurance, in which the beneficiary is described as "guardian" prescribes that "The beneficiary must have something more than a pecuniary interest in the insured, as speculative policies are not issued by this association"—*Held*, that such provision is vague and subject to interpretation by the court, and that the issuance of the policy and the receipt of premiums by the company amounted to a practical interpretation of the policy by the parties, precluding the insurer from avoiding the policy because of the lack of insurable interest by the beneficiary in the insured.

---

On appeal from District Court.

Before Justices GARRISON, PARKER and VOORHEES.

For the appellant, *George A. Douglass* and *Frank E. Bradner*.

For the respondent, *Richard Stockton*.

The opinion of the court was delivered by

VOORHEES, J. This is an appeal from the Second District Court of Newark. The record shows a summons, state of

demand, copy of docket and memorandum of decision, in the form of an opinion. There is no settled or agreed state of the case, although the judge certifies "the foregoing to be the state of the above-entitled case." Certain testimony was filed after judgment rendered, which is in no way certified.

Granting that the official opinion of the court certified to be the state of the case is, in fact, such, it appears that the action is upon a life insurance policy, and that judgment in the court below passed for the plaintiff.

The first cause for reversal is that the plaintiff had no insurable interest in the life of the insured, and therefore should have been nonsuited. This contention cannot prevail. *Trenton Mutual Insurance Co.* v. *Johnson,* 4 *Zab.* 576; *Vivar* v. *Knights of Pythias,* 23 *Vroom* 455; *Sun Insurance Office of London* v. *Merz,* 34 *Id.* 365.

Moreover, the contract, in which the beneficiary is described as "guardian," prescribes that "the beneficiary must have something more than a pecuniary interest in the insured, as speculative policies are not issued by this association"—a vague provision and subject to interpretation by the court. But the writing and delivery of the policy, and the acceptance by the defendant of premiums, amounts to a practical interpretation of the policy by the parties, and it would be a fraud to permit the defendant thus to contract and receive the premiums, with full knowledge that the policy was void.

The other reasons for reversal relate to dealings with the company and to waiver of forfeitures by the defendant. They are fact questions, and as there was evidence to support the findings of the court, its decision will not be reviewed on appeal.

The judgment will be affirmed, with costs.